

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7380 | **DATE** | 1/7/2004 |
| **CASE TITLE** | In Re: Accreditation Association | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Accreditation Association for Ambulatory Health Care's petition to modify subpoena (1-1) and alternative motion for protective order (1-2) are denied. The government's cross-motion to enforce subpoena (6) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 0 8 2004 | 12 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | '04 JAN -8 PM 1:27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN RE: SUBPOENA DUCES TECUM )
_____ )
)
ACCREDITATION ASSOCIATION FOR )
AMBULATORY HEALTH CARE, INC. )
)
      Petitioner, )
) No. 03 C 7380
  v. )
) Judge George W. Lindberg
UNITED STATES OF AMERICA, )
)
      Respondent. )

## MEMORANDUM OPINION AND ORDER

The United States Attorney's Office for the District of Vermont ("Government") is investigating whether David S. Chase, a Vermont physician, committed health care fraud in violation of federal statutes. The Government began its investigation shortly after the Vermont Medical Practice Board filed formal civil charges against Chase in July 2003, seeking to revoke his medical license. Those charges allege that Chase performed medically unnecessary eye surgeries on patients with normal vision, and falsified medical records to support his recommendations to patients.

On September 10, 2003, the Government issued an administrative subpoena to petitioner Accreditation Association for Ambulatory Health Care, Inc. ("AAAHC"), in relation to its investigation of Chase. AAAHC, located in Illinois, sets accreditation standards for health care organizations, evaluates health care organizations for compliance with those standards, and recognizes compliance by certifying accreditation. The Government's subpoena commanded AAAHC to produce "all documents relating to any accreditation, consulting, auditing, and quality



assurance services provided to Dr. David Chase ... from 1995 to present, including but not limited to audits, recommendations, correspondence, billing records, medical records, and memoranda...." AAAHC produced some documents in response to the subpoena, but claims that production of other responsive documents would violate the Illinois Medical Studies Act, 735 ILCS § 5/8-2101 & 5/8-2102. AAAHC petitions this court to modify the subpoena to exclude information protected by the Illinois Medical Studies Act, or to issue a protective order permitting AAAHC to withhold the documents. The Government cross-moves for enforcement of its subpoena.

The Illinois Medical Studies Act provides in pertinent part:

> All information, interviews, reports, statements, memoranda or other data of ... allied medical societies ..., used in the course of internal quality control or of medical study for the purpose of reducing morbidity or mortality, or for improving patient care, shall be privileged, strictly confidential and shall be used only for medical research, the evaluation and improvement of quality care, or granting, limiting or revoking staff privileges....

735 ILCS § 5/8-2101. The Act further provides that such information "shall not be ... discoverable in any action of any kind in any court or before any tribunal, board, agency or person." 735 ILCS § 5/8-2102. The Illinois Supreme Court has held that legitimate accreditation associations are "allied medical societies" under the Illinois Medical Studies Act. See Niven v. Siqueira, 487 N.E.2d 937, 942-43 (Ill. 1985).

In a case where federal law supplies the underlying rule of decision, however, the court must look to federal common law, interpreted in the light of reason and experience, to determine whether a privilege exists. See Fed. R. Evid. 501. State law still may be considered in determining whether a privilege should be recognized as a matter of federal law. Memorial Hosp. for McHenry County v. Shadur, 664 F.2d 1058, 1061 (7th Cir. 1981). "A strong policy of comity

2

between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." Id. (quoting United States v. King, 73 F.R.D. 103, 105 (E.D.N.Y. 1976)).

Thus, the court must determine whether to recognize Illinois' peer review privilege in this case as a matter of federal law. Evidentiary privileges "are not lightly created nor expansively construed, for they are in derogation of the search for truth." United States v. Nixon, 418 U.S. 683, 710 (1974). The court must consider the particular factual circumstances of the case, and "weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case." Memorial Hosp., 664 F.2d at 1061-62 (quoting Ryan v. Commissioner of Internal Revenue, 568 F.2d 531, 543 (7th Cir. 1977)).

The Government argues that this court should find the peer review privilege inapplicable under the authority of Memorial Hosp. for McHenry County v. Shadur, in which the Seventh Circuit declined to recognize the Illinois Medical Studies Act's peer review privilege in a civil antitrust action. In that case, a physician claimed that a group of physicians at Memorial Hospital conspired to deny him hospital staff privileges, effectively destroying his practice and limiting competition in an unlawful restraint of trade. Id. at 1059-60. The physician sought discovery of documents relating to hospital review or disciplinary proceedings instituted by the hospital against other physicians who had applied for or were granted admission to the hospital's medical staff. Id. at 1060. The court noted that such proceedings would be privileged under the Illinois Medical Studies Act in a case governed by state law. Id.

The court observed that the public interest in preserving open and fair competition is a

3

strong one. Id. at 1062. The court further observed that the policy of promoting confidentiality in peer review proceedings is substantial. Id. Medical staff meetings are held for the purpose of improving patient care through self-analysis; the Illinois legislature intended to encourage individuals with relevant information to participate freely in such meetings. Id. The court concluded, however, that under the factual circumstances presented, the public interest in private enforcement of federal antitrust law was too great to allow the application of the peer review privilege. Id. at 1063. Specifically, the court found that excluding the evidence sought would have a significant impact on the physician's ability to establish his claim, because what occurred in the peer review process itself was at issue. Id. at 1062-63.

AAAHC responds that here, in contrast to Memorial Hospital, the integrity and fairness of the peer review process is not at issue. AAAHC argues that the Government can obtain much of the information it seeks regarding the medical necessity of Chase's procedures from other sources, such as Chase's own records. Thus, in this case, unlike in Memorial Hospital, the importance of the interest protected by the privilege greatly outweighs the relevance of the information sought. AAAHC further observes that Memorial Hospital was decided before Congress enacted the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. § 11101, et seq., in which Congress found that "[t]here is an overriding national need to provide incentive and protection for physicians engaging in effective professional peer review." See 42 U.S.C. § 11101(5).

The Government argues that, to the contrary, information elicited during the accreditation process is highly relevant to its investigation. First, the Government contends that it needs access to AAAHC's information to determine whether Chase was placed on notice, during the accreditation process, of problems with quality of care or documentation. The Government

4

further argues that it needs access to the representations Chase and his staff made to AAAHC, because any misrepresentations could be relevant to a charge that Chase pursued a scheme to defraud a health care benefit program in violation of 18 U.S.C. § 1347.

The court first notes that it is not persuaded by AAAHC's suggestion that congressional recognition in the HCQIA of the need to protect physicians participating in peer review supports the recognition of a federal peer review privilege. Congress had an opportunity to establish such a privilege in the HCQIA and did not do so. See Johnson v. Nyack Hosp., 169 F.R.D. 550, 560 (S.D.N.Y. 1996) ("Congress spoke loudly with its silence in not including a privilege against discovery of peer review materials in the HCQIA.").

The purpose of the Illinois Medical Studies Act is "to ensure that members of the medical profession will effectively engage in self-evaluation of their peers in the interest of advancing the quality of health care." Roach v. Springfield Clinic, 623 N.E.2d 246, 251 (Ill. 1993). This policy is a substantial one. See Memorial Hosp., 664 F.2d at 1062. However, the Government's law enforcement interest here is significant; indeed, its goal also is to advance the quality of health care. Moreover, the information the Government seeks may be directly relevant to determining whether Chase knowingly executed or attempted to execute a scheme to defraud a health care benefit program. The court concludes that the Government's need in this case outweighs the importance of the policy sought to be furthered by the peer review privilege. Accordingly, the court declines to recognize the peer review privilege in this case.

**ORDERED:** Accreditation Association for Ambulatory Health Care's Petition to Modify Subpoena [1-1] and Alternative Motion for Protective Order [1-2] are denied. The Government's Cross-Motion to Enforce Subpoena [6] is granted.

ENTER:

George W. Lindberg
Senior U.S. District Judge

JAN 0 7 2004

DATED: _____

6